UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

Jose A. Otero-Ortiz,
Petitioner,

v.

United States of America,
Respondent.

Civil No. 97-2321 (HL)

**OPINION AND ORDER**

Before the Court is Jose A. Otero-Ortiz' ("Otero") petition for postconviction relief under 28 U.S.C. § 2255. Otero pled guilty to a violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 846, and 18 U.S.C. § 2. He received a sentence of 120 months, plus five years of supervised release. He bases his § 2255 petition on one ground: that he was denied effective assistance of counsel when his attorney failed at sentencing to object to the inclusion in his criminal history of a conviction that was set aside under Puerto Rico law and expunged under the United States Sentencing Guidelines.

On October 23, 2000 the Court ordered Otero and his trial counsel, Assistant Federal Public Defender Miguel Nogueras ("Nogueras"), to file sworn statements specifically recounting their recollections as to whether Otero informed Nogueras that Otero's presentence report was incorrect with respect to Otero's criminal history. The sworn statements agree that Otero expressed to Nogueras no objections to the contents of his presentence report before sentencing. Nogueras' sworn statement further avers that he "discussed extensively with Mr. Otero-Ortiz the contents of the [presentence report]." Dkt.



AO 72A
(Rev.8/82)

Civil No. 97-2321 (HL)                              2

No. 24. Thus, Nogueras had no basis upon which to suspect any inaccuracies in Otero's presentence report.

A prisoner has a valid Sixth Amendment claim when (1) his counsel's performance was deficient and (2) the deficient performance resulted in prejudice to the defendant. *Bucuvalas v. United States*, 98 F.3d 652, 658 (1st Cir. 1996). Although the parties to this case spend the majority of their efforts in arguing over the existence *vel non* of prejudice, the issue of the deficiency of counsel's performance disposes of this case.

Respondent United States of America ("USA") points out, and Otero fails to refute, that Otero's counsel's failure to object at sentencing to the inclusion of the expunged conviction did not constitute deficient performance. This is because Otero was in a distinctly better position than his attorney to have knowledge of the fact that his conviction had been expunged. His attorney could not reasonably have been expected to have known that the conviction was improperly included in his criminal history without being told by Otero.

At this point, it is important to draw a distinction between Nogueras' failure to object to the inclusion in the presentence report of an expunged conviction of which his client failed to inform him, and a hypothetical attorney's failure to understand the legal proposition that expunged convictions are not to be considered in calculating one's criminal history category. Nogueras' omission is merely the result of being ill-informed by his client. The hypothetical attorney's failure, on the other hand, is the result of an

insufficient command of the law.[1] Accordingly, Nogueras' performance simply can not constitute ineffective assistance of counsel.

Wherefore, Otero's § 2255 petition is hereby denied.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, November 29, 2000.

HECTOR M. LAFFITTE
Chief U.S. District Judge

---

[1] Although at least one reported case holds that "failure to raise an objection to a clear and indisputable error in the [presentence report] is not within the broad range of performance that can be deemed reasonable," *Smith v. U.S.*, 871 F.Supp. 251, 255 (E.D.Va. 1994), that case is distinguishable. In *Smith*, the attorney failed to object to the improper inclusion of misdemeanor convictions in the calculation of his client's criminal history category. The Court found that this constituted ineffective assistance of counsel. *Smith* is unlike the instant case in that the attorney in *Smith* could, through the exercise of diligence, have taken note of the fact that the prior convictions were misdemeanors and that such convictions are not properly included in a presentence report. Nogueras, on the other hand, was dependent on his client to inform him that the prior convictions had been expunged.